In re STEPHEN SMITH HOME FOR THE AGED, INC., Debtor.

Bankruptcy No. 85–05124G.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 10, 1986.

Jay G. Ochroch, Katherine McAlice, Fox, Rothschild, O'Brien & Frankel, Charlotte A. Nichols, Philadelphia, Pa., for movant, Mercy-Douglass Center, Inc.

Jonathan H. Ganz, Andrew N. Schwartz, Pincus, Verlin, Hahn and Reich, P.C., Philadelphia, Pa., for debtor, Stephen Smith Home for the Aged, Inc.

James F. Monteith, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for Mellon Bank, Trustee of certain testamentary trusts.

<hr>

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

John F. Meigs, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for First Pennsylvania Bank, N.A. and Provident Nat. Bank, Trustees of certain testamentary trusts.

Peter C. Cilio, Rubin, Quinn and Moss, Philadelphia, Pa., for Creditors' Committee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The question for decision is whether we should grant relief from the automatic stay to a purchaser of some of the assets of the debtor, a nursing home, in order for the vendee to continue proceedings in state court which would determine whether the sale of assets included future testamentary gifts. For the reasons set forth below, we conclude that relief from the stay should not be granted.

The facts of this case are as follows: [1] The debtor signed an agreement to sell the portion of its assets "used in the operation of [the debtor's] skilled nursing and intermediate case facilities" to the movant, Mercy-Douglass Center, Inc. ("Mercy-Douglass"). Several months later the debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). In the schedules accompanying its petition, the debtor listed as assets of the bankruptcy estate numerous testamentary gifts. Mercy-Douglass, believing that it had purchased the rights to these gifts under the asset purchase agreement, instituted suit in state court seeking an ultimate determination that the debtor had no interest in the testamentary gifts. The state court refused to render a decision due to the automatic stay imposed by 11 U.S.C. § 362(a). Mercy-Douglass then filed the instant motion for relief from the automatic stay so that the appropriate state courts could determine whether the debtor retains any right in the testamentary gifts.

Relief from the automatic stay may be granted under 11 U.S.C. § 362(d) which states as follows:

Rule 7052.

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). With respect to relief from the automatic stay as to the issue at hand, the legislative history states as follows:

Undoubtedly the court will lift the stay for proceedings before specialized or nongovernmental tribunals to allow those proceedings to come to a conclusion. Any party desiring to enforce an order in such a proceeding would thereafter have to come before the bankruptcy court to collect assets. Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally, proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 and 343–44 (1977), *reprinted in*, 1978 U.S. Code Cong. & Admin. News 5787, 6297 and 6300.

Mercy-Douglass asserts that, since testamentary gifts are involved, the state's orphans' courts are particularly adept at resolving the issue of entitlement to the gifts. The debtor contends that the inclusion of the gifts in the estate hinges on an interpretation of the sales contract for the assets and, as such, the orphans' courts have no particular expertise which is relevant.

We agree with the debtor that the issue is primarily one of contractual interpretation. We will accordingly retain the dispute in this court for adjudication and enter an order denying the motion for relief from the automatic stay.